UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JAMES W. DUNCAN, | ) |
| Petitioner, | ) |
| v. | ) Case No.  16-cv-1118 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on "Petitioner's Amended[1] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" filed on April 21, 2016. (Doc. 1). Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the court who receives a 2255 motion must promptly examine it and determine whether it plainly appears whether the motion has merit or not. If it does not, the court shall dismiss the motion, but if it does, the court shall order the United States Attorney to answer or otherwise respond to the motion.

On November 14, 2006, Petitioner was convicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (Judgment, *United States v. Duncan*, No. 065-cr-10005 (C.D. Ill. 2006), Doc. 34). This offense carries a sentence of not more than 120 months pursuant to 18 U.S.C. § 924(a)(2). Petitioner however, received a sentence of 188 months because he was found to be an armed

---

[1] The Court has scrutinized its electronic docket and has not found any previous motion made by Petitioner under 28 U.S.C. § 2255 under this case number or Petitioner's original criminal case number.

career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Specifically, the Court found the United States Probation Office's pre-sentence report accurately calculated Petitioner's offense level to be 31 and his criminal history category to be VI. Three convictions were listed in the pre-sentence report that could have served as predicates for imposing the fifteen year enhanced minimum sentence. One of them, attempted burglary, seems only to have fit into the now-defunct "residual clause" of 18 U. S. C. §924(e)(2)(B)(ii): *"or otherwise involves conduct that presents a serious potential risk of physical injury to another."*

In the present Motion, Petitioner raises a single ground for relief. He argues that his fifteen year minimum sentence cannot stand in light of existing case law. He points out that the United States Supreme Court found the "residual clause" of § 924(e)(2)(B)(ii) void for vagueness in *Johnson v. United States*, 135 S.Ct. 2551 (2015), and also recently held that *Johnson* applies retroactively to cases on collateral review. *Welch v. United States*, 2016 U.S. LEXIS 2451 (U.S. Apr. 18, 2016). Since the Supreme Court has already found that attempted burglary is not an enumerated offense, and does not have as an element the use, attempted use, or threatened use of physical force against the person of another, then Petitioner is not an armed career criminal under the post-Johnson Armed Career Criminal Act. Thus, he contends that he should not have been subjected to the Armed Career Criminal enhancement and he has already served out the ten year sentence applicable to his § 922(g) conviction.

Pursuant to 28 U.S.C. § 2255 and Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has considered the

ground set forth in Petitioner's Motion, and cannot find it is without merit on its face. Therefore, Respondent is ordered to respond to the Motion.

IT IS THEREFORE ORDERED:

1. The Clerk SHALL serve a copy of the Motion (Doc. 1) upon Respondent pursuant to Rule 3(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

2. Respondent SHALL file an answer, motion, or other responsive pleading within fourteen days after service of this Order. Respondent should address any facts which would establish whether Petitioner's claims are untimely or procedurally barred. In addition, Respondent should address the merits of Petitioner's claim and otherwise fully comply with Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

3. Petitioner MAY file a reply to Respondent's response within twenty-eight days of being served with the response.

4. Petitioner SHALL serve upon the United States Attorney's office a copy of every further pleading or other document submitted for consideration by the Court.

Entered this 22nd day of April, 2016.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge